Thomas H. BROOKS and August J. Maureau, Jr., Appellants,

v.

UNITED STATES of America, Appellee.

No. 16701.

United States Court of Appeals Fifth Circuit.

March 18, 1958.

Rehearing Denied May 7, 1958.

Rudolph F. Becker, Jr., New Orleans, La., for appellants.

Jack C. Benjamin, Asst. U. S. Atty., New Orleans, La., M. Hepburn Many, U. S. Atty., New Orleans, La., for appellee.

Before BORAH, TUTTLE and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

Appellants appeal from judgments of conviction of perjury [1] contending (1) that their alleged false testimony was not material to the question under inquiry and that it was error for the trial court to charge the jury that, as a matter of law, it was material; and (2) that the admission of evidence to show that $60.00

---

1. 18 U.S.C.A. § 1621: "Perjury generally: Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury * * *".

in cash was placed in an envelope and handed to one of the defendants in the presence of the other defendant was prejudicial error.[2] Based upon these contentions they argue that the convictions should be set aside. For the reasons hereinafter set out, we do not agree.

The evidence showed that Agents Perry and Cabellero of the Intelligence Division of the Internal Revenue Service were conducting an investigation of certain police officials of the City of New Orleans to ascertain whether they had received graft monies which had not been reported in their income tax returns; and also whether one Lionel Andrew Dominguez, a known lottery operator, was guilty of evasion of income or excise taxes. Appellants were members of the New Orleans police force, and they testified under oath before the revenue agents after they had been advised of the nature and scope of the investigation, substantially as is set forth in the counts of the indictment under which they were respectively convicted.[3]

To establish the falsity of these statements of appellants and their materiality to the matters under investigation, the Government relied on the testimony of the two revenue agents, who testified over objections of appellants to these facts:

On July 23, 1954, they were in the residence of said Dominguez, who operated two lottery companies. Dominguez answered the ringing of his doorbell and came back to the table where Dominguez' auditor was at work, and removed from a large bag of money, sixty dollars in currency which Agent Perry counted and marked. Dominguez placed the money in an envelope and marked a small *d* in the corner.[4] He took the envelope and delivered it to appellant Brooks, who was waiting outside the door at the top of the steps. Agent Cabellero had placed himself where he could see what transpired and both testified to the salient facts. They observed outside of Dominguez' residence a green Nash automobile bearing the license number mentioned in the Maureau indictment. Appellant Maureau was waiting outside for Brooks, and the two got into the front seat of the automobile and drove off, appellant Maureau doing the driving. Upon this proof they were tried on consolidated separate indictments and were found guilty of the charges outlined in the indictments quoted in Footnote 3 *supra*.

Relying upon certain cases cited by them,[5] appellants argue, first, that the testimony given by them to the revenue agents was not material to the investi-

---

2. Appellants were convicted on the same charges on a former trial, and we reversed the conviction on a point not here presented. Brooks and Maureau v. United States, 1957, 5 Cir., 240 F.2d 905.

3. Appellant Brooks was convicted of testifying falsely to the Revenue Agents:
   "Count II.
   "That he at no time has been at the residence of Lionel Andrew Dominguez, 1655 N. Roman Street, New Orleans, Louisiana.
   "Count III.
   "That he has at no time while assigned to the Fifth District, New Orleans Police Department, received any envelopes from Lionel Andrew Dominguez."
   Appellant Maureau was convicted of falsely testifying to the agents:
   "Count I.
   "That he has never driven his private automobile to the address of 1655 N. Roman Street, New Orleans, Louisiana, said automobile being described as a Nash

automobile bearing 1954 Louisiana License No. 152-004.
   "Count II.
   "That he has never been to the residence of Lionel Andrew Dominguez, 1655 N. Roman Street, New Orleans, Louisiana.
   "Count III.
   "That he has never accompanied Sgt. Thomas H. Brooks of the New Orleans Police Department to the address 1655 N. Roman Street, New Orleans, La."

4. The purpose of marking the money and the envelope was to be able to identify both as coming from Dominguez if they should be found in the safety deposit box or the possession of any of the officers under investigation.

5. Luse v. United States, 9 Cir., 1931, 49 F.2d 241; Clayton v. United States, 4 Cir., 1922, 284 F. 537; Pyle v. United States, 1946, 81 U.S.App.D.C. 209, 156 F.2d 852; and Beckanstin v. United States, 5 Cir., 1956, 232 F.2d 1.

gation of graft by certain police officials or of income or excise tax evasion on the part of Dominguez. An examination of the cases fails to show that they support appellants' contentions. On the other hand, they tend to sustain the Government's position.

■■ The burden was upon the Government to show that appellants' testimony was material to the matter under investigation. Blackmon v. United States, 5 Cir., 1940, 108 F.2d 572. In that case, we discussed the authorities at some length and set forth in detail what constituted materiality, and no good purpose would be served by repeating here the tests so carefully spelled out there. Subjected to those tests, the materiality of the statements here involved is plain.

The jury verdicts established that appellants did, in fact, drive up to the home of a known lottery operator and did participate in the joint enterprise of receiving in a sealed envelope $60.00 in currency from him. If these facts placed before the jury showing what transpired on July 23rd had been truthfully disclosed to the agents making the investigation when appellants were first questioned, they would have tended to furnish a link in the chain of circumstances the agents were endeavoring to forge against the police officials under investigation. The fact that Dominguez was, under the circumstances disclosed, engaged in paying sizeable sums of money to police officers would also, if true answers had been given by appellants, have aided the agents in arriving at the amount of income and excise taxes due by him. Without the proof at the trial that money was placed in the envelope, the acts of appellants in driving up to Dominguez' house and receiving an envelope from him might well have been argued to be lacking in any connection with the investigation in progress.

■ The contention of appellants that the question of the materiality of the false statement should not have been settled as a matter of law but should have been submitted to the jury, is without merit. Beckanstin v. United States, 5 Cir., 1956, 232 F.2d 1; Harrell v. United States, 5 Cir., 1955, 220 F.2d 516; and Blackmon v. United States, supra.

Equally without merit under the circumstances disclosed by the record, is the contention that the court below erroneously admitted evidence that $60.00 was placed in the envelope by Dominguez and turned over to appellants. Such proof as demonstrated above was necessary in order to show the materiality of the alleged false statements, made by appellants to the government agents, to the matters under investigation. If the Government had proved only that Dominguez had delivered to appellants an envelope, it could well have been contended that the statements of appellants set forth in the indictments did not relate to a material matter. The trial court was careful to limit the purpose and effect of this evidence that money was placed in the envelope by a statement made to the jury immediately following its reception.[6]

6. "Now let me say to the jury, the Court has permitted some testimony here—admitted some testimony here with respect to the cash which this witness says was placed in the envelope. Now I caution the jury that these defendants, neither of these defendants is charged with improperly receiving any money. They are not charged with receiving any money from Dominguez or anyone else. The count having to do with the envelope, count three of one of the indictments, that is, the Brooks indictment has 'The Grand Jury realleges all of the allegations contained in paragraph one of count one of this indictment.' 'That he has at no time while assigned to the Fifth District, New Orleans Police Department received any envelopes from Lionel Andrew Dominguez.' So the Court believes that that evidence was admissible; the fact that something was placed in the envelope—admissible for whatever weight it would have with respect to the materiality of this investigation. It is not admitted for the purpose of proving any improper payment to any one of these defendants. They are not charged with that. Keep that in mind. They are charged with making false statements."

Finding the contentions of appellants to be without merit, and that appellants were given a fair trial by the court below, which was diligent to preserve all of their legal rights, the judgment is

Affirmed.