**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Octavio SAENZ, Defendant-Appellant.**

**No. 74–3451**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 21, 1975.

Rehearing and Rehearing En Banc

Denied June 9, 1975.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

James R. Gillespie, San Antonio, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., John E. Clark, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Appellant Octavio Saenz appeals his conviction for making false material declarations before the grand jury in violation of 18 U.S.C. § 1623. He alleges there was insufficient evidence, that the declarations were not material to the issue before the grand jury, and that the court did not comply with Rule 32(a)(1) F.R.Cr.P., in sentencing him. We have reviewed the record and find these allegations to be without merit. The conviction is affirmed.

Appellant is the mayor of Benavides, Texas, a position he has held since 1955. Appellant was convicted of lying to the grand jury about the reason he withdrew $5,000 from a bank account styled "City of Benavides Special Sinking Fund," and his involvement in and knowledge of the opening of the account. In 1972, a federal grand jury in San Antonio began an investigation of George B. Parr for tax evasion. Parr was eventually convicted, and his conviction has been affirmed by this Court. Parr was counsel for the Duval County Water District, and there was much evidence that Parr had used water district funds for his own use. See United States v. Parr, 509 F.2d 1381 (5th Cir. 1975). Parr purchased irrigation equipment from a company in Houston and paid for part of it from the City of Benavides Special Sinking Fund. The fund had been established when a bank in Dallas returned some $39,000 to the city after bonds were paid for. Though the draft for some $33,000 + worth of equipment was drawn on the water district, the account was paid with Benavides funds. The bank was unable to explain the reason for this.

Five days after the $33,000 + draft, appellant withdrew $5,000 from the same account for himself. The grand jury questioned appellant about the two transactions. He denied any knowledge of the $33,000 + withdrawal. He testified the $5,000 was compensation for his services and had been agreed to by the city council. Appellant denied knowing when the sinking fund was established, how much money was deposited, or giving the Dallas bank instructions to transfer the money to the local bank.

At trial it was established that the city council had never authorized the $5,000 to appellant. A Dallas banker, Banyon, testified about appellant's instructions to him regarding the transfer of the money. There was also evidence of appellant's signature on the signature cards.

Appellant took the stand and denied remembering any transactions with the Dallas bank. He admitted the genuineness of his signature.

Viewed in the light most favorable to the government, and drawing all reasonable inferences therefrom, there was sufficient evidence to convict appellant of false testimony before the grand jury. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1941). Appellant's testimony was contradicted on both counts and in regard to both instances in the indictment. The question of credibility was for the jury. They simply did not believe appellant when he did not remember any transac-

tions, seeing any letters, etc., regarding the opening of the sinking fund, while yet identifying his signature on the signature card required to open the account. The city council contradicted his story about the $5,000.

■■ Appellant next alleges his testimony was not material to the grand jury's investigation of Parr. Appellant did not raise this matter at trial, though the trial judge made an express finding of materiality. Materiality is a legal question to be decided by the court alone. The test is whether the false testimony was capable of influencing the tribunal on the issue, or whether it would have the natural effect or tendency to influence, impede, or dissuade the grand jury from pursuing its investigation. *See* United States v. Gremillion, 5 Cir., 1972, 464 F.2d 901, 905, and the cases cited therein.

■ One of the grand jury members testified to its inquiry regarding Parr and the expenditure of City of Benavides funds for him or the water district. They were interested in people who were parties to the transaction, parties such as Saenz must have been, given his establishment and control of the sinking fund. When Saenz' testimony is looked at in respect to the large cash withdrawals from the city fund, it would tend to influence, impede or dissuade the grand jury on the issue of the involvement of Parr in these matters. The testimony was material.

■ Finally, appellant alleges the court did not comply with Rule 32(a)(1), F.R.Cr.P., because when it sentenced him, it read from a typed judgment. A review of the record reveals that both appellant and his counsel were allowed to speak on appellant's behalf before he was sentenced. The record does not reveal whether the court read its judgment; however, the rule was complied with, thus appellant has no ground for complaint.

A review of the record reveals no other errors of law.

Affirmed.