**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Calvin Mayfield JONES, Defendant-Appellant.**

**No. 74–3990**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 13, 1975.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Ray L. Ledbetter, Jr., Birmingham, Ala., (Court-appointed), for defendant-appellant.

Wayman G. Sherrer, U. S. Atty., Melton L. Alexander, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Appellant Calvin Mayfield Jones, seeks reversal of his conviction for possession of unregistered sawed-off shotguns in violation of 26 U.S.C. § 5861(d). He argues there was insufficient evidence, that certain evidence was improperly admitted, that the trial court made prejudicial comments so as to deprive him of a fair trial, and that its instructions were erroneous. We find these arguments to be without merit and affirm the convictions.

Appellant and one L. C. Young were indicted for possession of unregistered sawed-off shotguns. Young pleaded guilty prior to trial and testified for appellant at trial. On the morning of July 26, 1974, Deputy Sheriff Simpson of the Tuscaloosa County, Alabama Sheriff's Dept. was on his way to work when he noticed a '72 Ford with Michigan plates pulled over on the side of the road. He noticed the car had two black occupants and one white one. He stopped his car and went up and inquired if they were having car trouble. At this time he noticed one of the sawed-off shotguns. He removed it from the car. At the same time he pulled his service revolver and told the occupants to get out of the car. He found another sawed-off shotgun and some shells in the back seat. Appellant was in the front seat on the passenger side, Young was driving, and Arthur Bush was in the back seat. It developed that the car was stolen. Young pleaded guilty on that charge too.

Bush testified for the government at trial. He stated Young came by his house early that morning. They then went and picked up appellant. He testified that appellant and Young discussed explosives, discussed a job that hadn't worked out regarding the Cordova Bank, but that the next time they would decoy the cops. He stated they also discussed a bootlegger who carried $2–3000 in cash on him at all times. Young disputed the story. He stated one of the guns belonged to Bush. He testified they were going to a bootlegger's house to get whiskey for appellant. During the course of Bush's testimony a floor plan of the Cordova Bank which had been found in the car was introduced into evidence. Appellant objected to its admission. During Young's testimony he was advised of the perjury statutes by the judge.

■ Sufficiency of the evidence is governed by the standard set out in Glasser v. United States, 1941, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. The evidence must be viewed in the light most favorable to the government. Here the government's case established that the shotguns were not registered to appellant, that he and Young, a multiply convicted felon, were engaged in a plan to rob the Cordova Bank, and also to rob a bootlegger. Bush had previously seen one of the guns in Young's possession. They jury could infer from the circumstances of the case that both Young and appellant had constructive possession of the firearms. See United States v. Richardson, 5 Cir., 1974, 504 F.2d 357, another unregistered firearms case, where there were three occupants of the car. We held there could be shared possession of a sawed-off shotgun.

■ Appellant objected to the admission of the drawing of the Cordova Bank, found in the trunk of the car. He alleged it was shown to the jury before it was properly introduced into evidence, and no foundation was laid for its proper introduction. He also argues the drawing is evidence of another crime. The drawing was identified by Deputy Simp-son as the one he removed from the car when he inventoried its contents. It was then shown to Bush who testified as to conversations about it, and it was then introduced into evidence. The trial court has discretion in passing on the admissibility of evidence, and its ruling will not be disturbed absent a clear showing of abuse. United States v. Pearson, 5 Cir., 1975, 508 F.2d 595. No such showing has been made here. The procedure followed was proper.

■ Appellant now objects to the trial judge's comments during the testimony of his witness Young. The court asked Young if he had an attorney present, if he wanted one, and if he was aware of the perjury statutes. Appellant made no objection to this inquiry at the time of trial. It had already been brought out that Young had pled guilty to the shotgun charge, and to interstate transportation of a stolen motor vehicle. He had escaped from a Michigan prison where he was serving a manslaughter sentence, and he had previously been convicted of rape and armed robbery. He was a demonstrably hostile witness. Under the circumstances there is no merit in appellant's contention that this isolated comment was of such magnitude or so pervaded the trial that appellant was denied a fair trial. See Gordon v. United States, 5 Cir., 1971, 438 F.2d 858.

■ Appellant now objects to the court's instructions to the jury. He argues the court should have instructed them on his exchange with Young and as to the treatment of the Cordova Bank drawing. No objection was made to the court's instructions at the time of trial, thus they are governed by the plain error rule of F.R.Cr.P. 30 and 52(b), 18 U.S.C.A. When viewed as a whole, the court's instructions were appropriate and complete. This allegation lacks merit.

A review of the record reveals no errors of law.

Affirmed.