UNITED STATES of America,
Plaintiff-Appellee,

v.

Martin Joseph DAMATO, a/k/a Sal
Picone, Defendant-Appellant.

No. 76–2221.

United States Court of Appeals,
Fifth Circuit.

July 1, 1977.

Robert B. Huie, Birmingham, Ala. (Court appointed), for defendant-appellant.

Wayman G. Sherrer, U.S. Atty., Melton L. Alexander, Bill L. Barnett, Asst. U.S. Attys., Birmingham, Ala., for plaintiff-appellee.

Before MORGAN and HILL, Circuit Judges, and NOEL, District Judge *.

NOEL, District Judge:

By this appeal, appellant Martin Damato seeks the reversal of his conviction on three counts of perjury that charged violations of 18 U.S.C. § 1623. The indictment alleged that appellant testified falsely during an evidentiary hearing on motions to suppress filed on behalf of the defendants in *United States v. Sam Fiorella and James Thomas,* CR–75–M–284–S (N.D.Ala.). The first count charged that Damato falsely swore that Internal Revenue Service (IRS) agents did not admonish him *not* to perform any illegal acts during his activities as an undercover informer. The second count alleged

that Damato falsely testified that IRS agents at no time attempted to limit his information gathering techniques. Count three charged that Damato falsely declared that IRS agents told him not to worry about paying taxes on his salary as an informant.

■ Damato urges three points of error: (1) insufficiency of the evidence as to the materiality and willfulness of the statements, as well as to whether the statements were made under oath; (2) the trial court's refusal to grant a mistrial in view of a newspaper article published during trial that several jurors read; and (3) the trial court's refusal to grant mistrial for various alleged acts of misconduct by the prosecutor. In evaluating Damato's first assignment of error, we must consider the evidence in the light most favorable to the Government. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Jones,* 514 F.2d 648 (5th Cir. 1975). We have followed that rule, but are unable to find sufficient evidence that Damato's statements were material to any issue before the court in the suppression hearing. We do not reach the remaining points of error.

■ Materiality is an essential element of an offense charged under 18 U.S.C. § 1623(a).[1] The statute itself explicitly requires that the false declarations be material.[2] The test of materiality is "whether the false testimony was capable of influencing the tribunal on the issue before it." *Blackmon v. United States,* 108 F.2d 572, 573 (5th Cir. 1940); *Barnes v. United States,* 378

---

* Senior District Judge of the Southern District of Texas sitting by designation.

1. *United States v. Whimpy,* 531 F.2d 768 (5th Cir. 1976); *United States v. Koonce,* 485 F.2d 374 (8th Cir. 1973).

2. Section 1623(a) concerns false declarations before a grand jury or a court. It provides: Whoever under oath in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other materi-

al, knowing the same to contain any false material declaration, shall be fined not more that $10,000 or imprisoned not more than five years, or both.
Section 1621, title 18 U.S.C., which concerns perjury in any instance in which a federal law authorizes an oath to be administered contains the same materiality requirement. *Brooks v. United States,* 253 F.2d 362 (5th Cir.), *cert. denied,* 357 U.S. 927, 78 S.Ct. 1374, 2 L.Ed.2d 1372 (1958); *United States v. Edmondson,* 410 F.2d 670, 672–73 (5th Cir.) *cert. denied,* 396 U.S. 966, 90 S.Ct. 444, 24 L.Ed.2d 430 (1969).

F.2d 646, 649 (5th Cir. 1967), *cert. denied,* 390 U.S. 972, 88 S.Ct. 1056, 19 L.Ed.2d 1184 (1968). The statements need not be material to any particular issue, but may be material to collateral matters that might influence the court or the jury in the decision of the questions before the tribunal. *Harrell v. United States,* 220 F.2d 516, 519 (5th Cir. 1955); *United States v. Gremillion,* 464 F.2d 901, 904–05 (5th Cir.), *cert. denied,* 409 U.S. 1085, 93 S.Ct. 683, 34 L.Ed.2d 672 (1972); *United States v. Whimpy,* 531 F.2d 768, 770 (5th Cir. 1976). To establish its case, the Government bears the burden of proving materiality. *Brooks v. United States,* 253 F.2d 362, 364 (5th Cir.), *cert. denied,* 357 U.S. 927, 78 S.Ct. 1374, 2 L.Ed.2d 1372 (1958); *United States v. Freedman,* 445 F.2d 1220 (2d Cir. 1971); *United States v. Gremillion, supra.* In the usual perjury case, the Government meets its burden of proof either by entering the transcript of the prior proceedings into evidence,[3] or by presenting testimony from persons who witnessed the proceedings.[4] The issue is a question to be decided by the court and is not an issue for the jury to determine.[5] Since this is so, evidence bearing solely on materiality should be received outside the presence of the jury.[6] The trial court should embody its finding on materiality in an instruction to the jury.[7]

**3.** *E. g., Harrell v. United States,* 220 F.2d 516, 520 (5th Cir. 1955); *United States v. Edwards,* 443 F.2d 1286, 1294 (8th Cir. 1971); *Bilderback v. United States,* 249 F.2d 271, 273–74 (5th Cir. 1957), *cert. denied,* 356 U.S. 946, 78 S.Ct. 793, 2 L.Ed.2d 820 (1958).

**4.** *E. g., United States v. Saenz,* 511 F.2d 766 (5th Cir. 1975); *United States v. Parr,* 516 F.2d 458 (5th Cir. 1975).

**5.** *Blackmon v. United States,* 108 F.2d 572, 574 (5th Cir. 1940); *United States v. Edmondson, supra,* note 2, at 673 n.3; *Brooks v. United States, supra,* note 2, at 364. *See Sinclair v. United States,* 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692 (1929).

**6.** *Harrell v. United States, supra,* note 3, at 520.

**7.** *Blackmon v. United States, supra,* note 5, at 574; *Barnes v. United States,* 378 F.2d 646, 650 (5th Cir. 1967), *cert. denied,* 390 U.S. 972, 88 S.Ct. 1056, 19 L.Ed.2d 1184 (1968).

**8.** The Government's brief contains the following statements:

In Damato's trial a number of IRS agents unequivocally denied the assertions that he made during the hearing on the motions to suppress. These witnesses also detailed the nature of Damato's undercover activities. However, the Government did not introduce either the motions to suppress or any evidence indicating what issues the motions raised. The Government did introduce the portion of the transcript of the suppression hearing containing Damato's testimony, but his testimony was only a small portion of the entire record made at the hearing and does not reflect the issues that the motions to suppress raised. The trial court instructed the jury that Damato's statements were material, but it did not indicate the factual basis of that conclusion.

In neither its brief nor in oral argument has the Government deigned to indicate any portions of the record before us showing the materiality of Damato's statements. In its brief, the Government represented as facts matters that are entirely outside the record in this appeal.[8] The Government has also asserted that the trial judge had before him the entire transcript of the suppression hearing at the time that he ruled on a motion filed by appellant to dismiss the indictment. Appellant's counsel disputes

The hearing was conducted as a result of a motion to suppress the evidence in the *Fiorella* case, which motion claimed that officers and agents of the United States (Internal Revenue Service) had, *inter alia,* encouraged, authorized and condoned illegal and improper conduct by Damato, who previously had operated as an informant for the Internal Revenue Service.

Brief for appellee at 2.

The evidentiary hearing . . . had as its primary thrust the determination of Damato's allegations of illegal and improper conduct sponsored, instigated, encouraged or condoned by the IRS. Paramount to that determination was the key issue of Damato's credibility for the validity of the search warrant of Fiorella's office was at stake, as was also the court's ruling on the Motion to Dismiss for governmental misconduct.

Brief for appellee at 9.

We repeat: nothing in the record supports these statements.

this assertion. Whatever the truth of the matter, the transcript was not introduced into evidence at trial, and the record before us contains no suggestion whatever that the trial judge based his materiality instruction on anything other than the evidence received at trial. The Government has also observed that the trial judge was entitled to judicially notice the record of the proceedings made on the motions to suppress. However, the record in this case contains no indication that the trial judge did so. To blithely assume that judicial notice was taken under these circumstances would run afoul of both *Federal Rule of Evidence 201(e)*,[9] and appellant's due process rights, *Garner v. Louisiana*, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961).[10] *See* 1 Weinstein & Berger, *Commentary on Rules of Evidence* ¶ 201[05] (1976).

We have read the record in an effort to determine whether sufficient evidence of materiality might be inferentially gleaned from it. It is true that the record is not entirely devoid of evidence hinting at the relationship between Damato's statements and the motions to suppress. The most telling bit of evidence tending to show the materiality of appellant's statements was testimony indicating that one of the motions to suppress was based on comments made by Damato (T. 535–36). However, the issue is not whether defendant's testimony in *general* was relevant, but whether the *particular* statements named in the indictment were material. On this point the record is absolutely barren: it contains not one iota of evidence that the motions were based in whole or in part upon allegations that the search was tainted by some illegal act committed by Damato with the Government's connivance. For ought that appears from the record, the motion might have been premised on some entirely unrelated theory, such as want of probable cause for the warrant. Thus, while the record provides some basis for suspicion and conjecture as to materiality, the evidence is clearly insufficient as to that element of the offense.

We conclude that appellant's conviction must be reversed and that the case should be remanded for a new trial. Appellant moved the court for a directed verdict of acquittal both at the conclusion of the Government's case and after the jury was charged. Appellant also filed a motion for new trial based in part upon the insufficiency of the evidence. Since the evidence did not show that appellant's statements were *not* material to the motions to suppress, and because we conclude that the Government might well be able to present sufficient evidence of materiality, we remand the case for a new trial. *See United States v. Parks*, 460 F.2d 736, 745–46 (5th Cir. 1972); *United States v. Koonce*, 485 F.2d 374, 381–83 (8th Cir. 1973). *See also United States v. Musquiz*, 445 F.2d 963, 966 (5th Cir. 1971); Wright 2 *Federal Practice and Procedure: Criminal* § 470 (1969).

Reversed and remanded for a new trial.

---

**9.** Rule 201(e) provides:
> A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

**10.** In *Garner*, Chief Justice Warren reasoned for the majority:
> . . . unless an accused is informed at the trial of the facts of which the court is taking judicial notice, not only does he not know upon what evidence he is being convicted, but, in addition, he is deprived of any opportunity to challenge the deductions drawn from such notice or to dispute the notoriety or truth of the facts allegedly relied upon. Moreover, there is no way by which an appellate court may review the facts and law of a case and intelligently decide whether the findings of the lower court are supported by the evidence where that evidence is unknown. Such an assumption would be a denial of due process.

368 U.S. at 173, 82 S.Ct. at 257.