**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Edgar GOMEZ–VIGIL,
Defendant–Appellant.**

No. 90–1534.

United States Court of Appeals,
Sixth Circuit.

Argued March 19, 1991.

Decided April 3, 1991.

Mark C. Jones, Asst. U.S. Atty., (argued), Office of the U.S. Atty., Flint, Mich., for plaintiff-appellee.

Edgar Gomez–Vigil, La Tuna, Tex., pro se.

Martin A. Geer, (argued), Kessler & Geer, Ann Arbor, Mich., for defendant-appellant.

Before KEITH and MARTIN, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Edgar Gomez–Vigil appeals his perjury conviction and twenty-four month sentence. For the following reasons, we affirm Gomez–Vigil's conviction and sentence.

## I.

On November 7, 1986, defendant-appellant Edgar Gomez–Vigil ("appellant" or "Gomez–Vigil") was found guilty of conspiracy to distribute cocaine, distribution of cocaine, and distribution of marijuana; Gomez–Vigil was sentenced to thirteen years in prison. The conviction and sentence were affirmed by the Sixth Circuit.

Following his conviction, Gomez–Vigil engaged in a series of *pro se* challenges to his conviction and sentence including his "Motion Under 18 U.S.C. Rule 33 and or 28 U.S.C. § 2255" which stated, *inter alia:*

> Defendant was convicted after a trial by jury. During trial he requested a Court interpreter appointed but this court denied the request. This request was made because defendant being from El Salvador and not formally educated in the English language was unable to adequately understand the case that was pending and was unable to adequately assist counsel.
>
> . . . .
>
> Defendant herein faced a very serious charge that mandated his Sixth Amendment rights to confrontation and effective assistance of counsel be preserved during trial. Because of the limited and minimal understanding of the English language, defendant did not get this when this court denied the request for an interpreter. . . . [I]t follows that it was the duty of this court to appoint an interpreter when the defendant requested and by failing to do so, this court committed error which was prejudicial beyond reasonable doubt.
>
> . . . .
>
> [Moreover,] [d]uring deliberations, the trial jurors asked to review the testimony of Allen Guest, a key witness. The Honorable Judge Newblatt came out of his chambers very furious in the presence of the jurors stating that he knew that the defendant was guilty and further went on to state that the Judge did not have to allow the jurors to hear the requested testimony but will. As set forth in the declaration, the judge threw his books on the bench making a loud noise from an-

ger. The Court staff began playing the tape and the judge left. In about 5 minutes the judge called the clerk, the clerk shut the tape, told the jurors that the tape recorder was broken and hence they had no right to hear the testimony. This is a due process violation denying a fair trial.

Gomez–Vigil's "Motion Under 18 U.S.C. Rule 33 and or 28 U.S.C. § 2255" at 1–4.

Gomez–Vigil attached a signed and dated "Declaration in Support" to his motion for a new trial. The "Declaration in Support" stated (in its entirety):

> I, Edagr [sic] Gomez–Vigil first duly sworn upon oath state under the penalty of perjury the following statements are true and correct, based on my own and personal knowledge and I will testify if so called to:
>
> 1. I asked for an interpreter because I cannot understand English very well but my request was denied;
>
> 2. Because I cannot understand English well I have now realized after inmates translated my testimony that there were material falsities;
>
> 3. With an interpreter I would have answered otherwise;
>
> 4. I am indigent and cannot hire an inteepreter [sic] and could not than [sic];
>
> 5. I did not adequately understand my lawyer due to language barrier;
>
> 6. When jurors asked to hear the testimony Judge Newblatt came out of his chambers very angry telling them in my presence that the judge new [sic] I was guilty and that he had no duty to allow them to hear my trial testimony of Allen Guest but he will and at the same time throwing his book on the bench;
>
> 7. He left and his clerk played the tape;
>
> 8. The judge called, the clerk stopped the player and told the jurors they cannot hear the testimony anymore;
>
> 9. Based on this the entire testimony was not heard;
>
> 10. I am asking an evidentiary hearing be held and a lawyer appointed so

that I call jurors and interview them similar to that in *US v. Ianniello* 866 F2d 540 (2nd Cir 1989).

Gomez–Vigil's April 3, 1989 "Declaration in Support."

In response, the government filed a brief which stated (in its entirety):

On November 7, 1986, the defendant was found guilty of cocaine trafficking by a jury. He was sentenced on February 17, 1987. On November 13, 1987, his conviction was affirmed by the 6th Circuit Court of Appeals.

In his newest motion, he claims that he is not fluent in English and should have been granted an interpreter during the trial.[1] The defendant has failed to refer to a statute giving this court jurisdiction over the issue. 28 U.S.C. § 2255 only deals with illegal sentences. Further, the sentencing court is not required to entertain a second motion for similar relief under this statute. In file 88–CV–40258–FL, this honorable court denied a previous *pro se* challenge to the sentencing.

Defendant also refers to Rule 33 of the Rules of Criminal Procedure. This rule requires that assertions of newly discovered evidence be brought within two years of the final judgment. Defendant's brief does not include newly discovered evidence and two years have expired. A request for a new trial on any other grounds must be made within seven days of the verdict. As such, Rule 33 of the Rules of Criminal Procedure does not apply to this Motion.

WHEREFORE, the government requests this honorable court to deny defendant's Motion under 18 U.S.C. Rule 33 and or 28 U.S.C. § 2255.

[1] This issue was handled during the trial. In addition, the very nature of defendant's brief demonstrates that he is fluent in English.

Appellee's April 13, 1989 "Brief in Support of Answer to Motion Under 18 U.S.C. Rule 33 and or 28 U.S.C. § 2255" at 1–2 (footnote omitted).

On April 17, 1989, District Court Judge Newblatt denied Gomez–Vigil's motion:

"IT IS HEREBY ORDERED that defendant's Motion is DENIED for the reasons stated in the Government's answer and brief," adding (in a footnote) that "[t]he Court hereby notes that the patent falsity of defendant's allegations may be a basis for future prosecutions." District Court's April 17, 1989 Order.

On May 19, 1989, a federal grand jury issued a two-count indictment charging Gomez–Vigil with perjury:

## COUNT ONE

That on or about April 3, 1989, in the Eastern District of Michigan and elsewhere, EDGAR GOMEZ–VIGIL, defendant herein, did make a false material declaration under penalty of perjury in a proceeding ancillary to federal court proceeding, to wit: that he could not understand English well, the aforesaid declaration of EDGAR GOMEZ–VIGIL, as he then and there well knew, was false, as he did in fact competently understand English; in violation of Title 18, United States Code, Section 1623.

## COUNT TWO

That on or about April 3, 1989, in the Eastern District of Michigan and elsewhere, EDGAR GOMEZ–VIGIL, defendant herein, did make a false material declaration under penalty of perjury in a proceeding ancillary to federal court proceeding, to wit: that the Honorable Stewart A. Newblatt told the jury that he knew EDGAR GOMEZ–VIGIL was guilty in a cocaine-trafficking trial; the aforesaid declaration of EDGAR GOMEZ–VIGIL, as he then and there well knew, was false, as it did not occur; in violation of Title 18, United States Code, Section 1623.

Joint Appendix at 7–8.

Gomez–Vigil's perjury trial was held before District Court Judge Suhrheinrich on February 12–13, 1990. Special Agent William Dodson and Special Agent Jack Geller testified that they had had no difficulty communicating with Gomez–Vigil in English during their drug-trafficking investiga-

tion. Audio tapes of Gomez–Vigil's direct and cross-examination (from his drug-trafficking trial) were played to the jury to demonstrate the appellant's ability to speak English. Moreover, numerous witnesses testified that Judge Newblatt did not tell the jury that Gomez–Vigil was guilty of drug-trafficking. Gomez–Vigil took the stand and indicated that he could not speak English very well, adding that a jailhouse lawyer "prepared the motion and 'Declaration in Support' which Appellant signed and filed directly with Judge Newblatt who presided over his previous trial." Appellant's Brief at 3. Moreover, "Appellant further explained that he believed that the jury's request during deliberations to replay the testimony angered Judge Newblatt. He interpreted Judge Newblatt's leaving the court while the tape of the testimony was played as proof of his anger. When the tape broke in the middle of the testimony, Appellant interpreted Judge Newblatt's not ordering the balance of the testimony to be played as a purposeful attempt to influence the jury against him." *Id.*

On February 13, 1990, the jury found Gomez–Vigil guilty of both perjury counts. On May 7, 1990, Gomez–Vigil was sentenced to concurrent 24–month terms (which represented a downward departure from the 51–63 month Sentencing Guidelines' range recommended in the presentence report).

Gomez–Vigil thereafter filed a timely notice of appeal.

## II.

 Gomez–Vigil's April 3, 1989 statements were deemed perjurious by the district court because the appellant offered the untruthful statements "under the penalty of perjury." *See* Appellant's April 3, 1989 "Declaration in Support."[1] 18 U.S.C. § 1623 ("False declarations before grand jury or court") provides:

(a) Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

18 U.S.C. § 1623. Pursuant to the incorporation by reference in section 1623, we must examine 28 U.S.C. § 1746 ("Unsworn declarations under penalty of perjury") to determine the parameters of 18 U.S.C. § 1623. 28 U.S.C. § 1746 provides:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required *or permitted* to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated....

28 U.S.C. § 1746 (emphasis added).

Though Gomez–Vigil argues that 28 U.S.C. § 1746 supports his position (Gomez–Vigil offers a narrow reading of the word "permitted"), a less restrictive, and

---

1. Though the appellant's "Declaration in Support" indicates that Gomez–Vigil's statements were made under oath ("I, Edagr [sic] Gomez Vigil first duly sworn upon oath...."), the government chose to prosecute under the "penalty of perjury" provision only. *See* Indictment—Counts One and Two ("EDGAR GOMEZ-VIGIL, defendant herein, did make a false material declaration under penalty of perjury in a proceeding ancillary to federal court proceeding"). We will therefore address Gomez–Vigil's statements under the "penalty of perjury" provision only.

we believe correct, reading of section 1746 supports the government's position.

Section 1746 provides that the "penalty of perjury" provisions apply to matters "required *or permitted* to be supported ... by sworn declaration...." Gomez–Vigil argues that 28 U.S.C. § 1746 governs only those situations where: (1) a matter *must* be supported by a *sworn* declaration; or (2) a matter *need not* be supported at all, *but,* if it is supported, the support *must* be by *sworn* declaration. We disagree. Section 1746 authorizes the use of unsworn declarations under penalty of perjury, rather than sworn declarations under oath, whenever the law, rule, regulation, order *or* requirement *permits* the matter to be supported, evidenced, established or proved by sworn declaration. Gomez–Vigil's attempt to alter the plain and unambiguous language of section 1746 to his benefit is without merit.

Though Gomez–Vigil was not *required* to swear, under oath, to the truthfulness of his statements in his April 3, 1989 "Declaration in Support," he nevertheless chose to make the statements "under the penalty of perjury." Accordingly, because 28 U.S.C. § 1746 allows the use of "unsworn declarations under penalty of perjury" in lieu of sworn oaths, 18 U.S.C. § 1623 (which incorporates 28 U.S.C. § 1746 by reference) governs the lawfulness of Gomez–Vigil's April 3, 1989 statements.

■ Though Gomez–Vigil argues that his April 3, 1989 statements were not material to any issue before the district court, the district court judge properly concluded that Gomez–Vigil's statements were "material declaration[s]" as required by 18 U.S.C. § 1623(a).

In a similar action, after noting that "[m]ateriality is an essential element of an offense charged under 18 U.S.C. § 1623(a)," *United States v. Damato,* 554 F.2d 1371, 1372 (5th Cir.1977), the Fifth Circuit held that "[t]he test of materiality is 'whether the false testimony was capable of influencing the tribunal on the issue before it.'" *Id.* (citations omitted). In fact, "[t]he statements need not be material to any particular issue, but may be materi-

al to collateral matters that might influence the court or the jury in the decision of the questions before the tribunal." *Id.* at 1373 (citations omitted). The government bears the burden of proving materiality. *Id.*

Despite Gomez–Vigil's assertions to the contrary, it is evident that the appellant's statements (regarding his ability to speak English and Judge Newblatt's behavior) were material to his motion for a new trial. In fact, the two claims were the basis for the new trial motion. Moreover, it is clear from Judge Newblatt's footnote in his April 17, 1989 order that Gomez–Vigil's statements were material to Judge Newblatt's decision. *See generally United States v. Damato,* 554 F.2d at 1374 ("[T]he issue is not whether defendant's testimony in *general* was relevant, but whether the *particular* [perjurious] statements named in the indictment were material.") (emphasis in original).

Considering the evidence in the light most favorable to the government, *see Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), Gomez–Vigil's challenge to the materiality of his perjurious statements fails. The appellant's first assignment of error is therefore without merit.

### III.

■ Gomez–Vigil next argues that the district court erred in its application of the United States Sentencing Guidelines. When sentencing Gomez–Vigil, the district court applied Sentencing Guideline section 2J1.3(c)(1) ("Perjury or Subornation of Perjury—Cross Reference") which provides: "If the offense involved perjury or subornation of perjury in respect to a *criminal* offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined above." United States Sentencing Commission, *Guidelines Manual,* § 2J1.3(c)(1) (Nov. 1989).

Section 2X3.1 provides that the base offense level for an accessory after the fact

is "6 levels lower than the offense level for the underlying offense, but in no event less than 4, or more than 30." U.S.S.G. § 2X3.1. The application notes to this section state, *inter alia*, that " 'underlying offense' means the offense as to which the defendant was an accessory." *Id.*, comment. (n. 1). Accordingly, when determining Gomez–Vigil's sentence, the district court used Gomez–Vigil's drug-trafficking as the underlying offense and deducted six levels pursuant to section 2X3.1:

> The guideline for 18 U.S.C. § 1623 is located in Section 2J1.3(c)(1). This section provides that if the offense involved perjury in respect to a criminal offense, Section 2X3.1 of the guidelines is to be applied to that offense if the offense level is greater than that determined by Section 2J1.3(a) which has a base offense level of twelve. Under Section 2X3.1(a), the base offense level is six levels lower than the offense level for the underlying offense, but in no event less than four or more than thirty. The underlying offense for the perjury conviction was the defendant's conviction for Conspiracy to Possess With Intent to Distribute Cocaine, Possession of Cocaine, and Possession of Marijuana. Under Section 2D1.-1(a)(3), upon converting the 1 kilogram of cocaine and 143 pounds of marijuana to the heroin equivalent of 264.84 grams, the base offense level is 26. Under Section 2X3.1(a), the offense level for perjury will be six levels lower than the 26 for a base offense level of twenty.

Presentence Report at 9. The district court judge departed from the applicable guideline range (51–63 months), however, and sentenced Gomez–Vigil to two concurrent 24 month prison terms.

Notwithstanding Gomez–Vigil's belief that "it was error to apply § 2J1.3(c)(1) to enhance Appellant's Base Offense Level to 20," Appellant's Brief at 14, the district court judge properly applied the relevant Sentencing Guidelines' provisions. *See generally United States v. Mallory*, 904 F.2d 37 (6th Cir.), *cert. denied*, — U.S. ——, 111 S.Ct. 157, 112 L.Ed.2d 122 (1990) (unpublished) (per curiam). Gomez–Vigil's

challenge to the district court's sentencing determination is without merit.

### IV.

■ Gomez–Vigil argues that the prosecutor repeatedly referred to his personal involvement in Gomez–Vigil's earlier drug-trafficking trial thereby "permeat[ing] every aspect of this trial." Appellant's Brief at 16. Gomez–Vigil argues that this deprived him of a fair trial because the prosecution was, in essence, asking the jury to rely on the prosecutor's beliefs to convict Gomez–Vigil. The appellant cites the following allegedly impermissible statements made by the prosecutor:

> (1) Using the tape from the 1986 case you are going to learn that Mr. Gomez–Vigil took the stand, testified fairly elaborately and was cross-examined by myself and after you listen to that tape I will submit to you you will have no doubt whatsoever he speaks English quite well.

> (2) He was able to communicate with me. He jousted with me on the issue of rust on the cars. We discussed various type motor vehicles.

> (3) I submit beyond any doubt when he signed that under penalties of the oath, when he said he could not understand English well, he was not telling the truth. That is perjury. He is lying.

*See* Appellant's Brief at 15–16; Appellee's Brief at 18.

Though the government does not concede that the prosecutor's statements were improper, the appellee argues that, even if deemed improper, the statements do not constitute reversible error because: (1) the abuses were not prejudicial to Gomez–Vigil; and (2) Gomez–Vigil did not object to the statements at trial.

The standard by which statements of personal belief by a prosecutor are to be tested is set forth in *United States v. Bess*, 593 F.2d 749 (6th Cir.1979):

> We do not adopt a *per se* reversible error rule, however. The threshold determination should be whether counsel's com-

ments can be reasonably construed to be based on personal belief. If so, the statements should ordinarily be deemed to be error. More commonly, however, the complained-of conduct will not rise to *reversible* error, notably if it is not flagrant, where proof of guilt is overwhelming, where counsel does not object and/or where the trial judge steps in and admonishes the jury.

*Id.* at 756–57 (emphasis in original).

Although the prosecutor improperly injected some of his personal beliefs into Gomez–Vigil's perjury trial, Gomez–Vigil failed to object to the statements during trial. Moreover, numerous witnesses testified at Gomez–Vigil's perjury trial, and an audio tape of the appellant's drug-trafficking trial was played to the jury to demonstrate the appellant's English fluency. In light of the overwhelming evidence supporting Gomez–Vigil's perjury conviction, the relative unimportance of the prosecutor's improper comments, and Gomez–Vigil's failure to object to the prosecutor's statements, we reject Gomez–Vigil's third assignment of error. *See United States v. Mahar,* 801 F.2d 1477, 1503 (6th Cir.1986) (A defendant is not entitled to a new trial unless the prosecutorial misconduct is "so pronounced and persistent that it permeated the entire atmosphere of the trial.").

## V.

For the aforementioned reasons, we AFFIRM Gomez–Vigil's conviction and sentence.