46 F.3d 1131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrone TANKS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3849.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1995.
 
 Before: GUY, BOGGS and SILER, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to set aside, vacate or correct sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Tyrone Tanks was tried by a jury and convicted of money laundering in violation of 18 U.S.C. Sec. 1956, attempting to possess cocaine for resale in violation of 21 U.S.C. Secs. 841(b)(1)(A) and 846, and using a telephone to facilitate drug trafficking in violation of 21 U.S.C. Sec. 843(b). He was sentenced to 240 months of imprisonment. His conviction and sentence were affirmed on appeal. United States v. Tanks, No. 92-3023, 1992 WL 317179 (6th Cir. Oct. 27, 1992) (per curiam).
 
 
 3
 In his Sec. 2255 motion, Tanks claimed that: 1) the district court abused its discretion by not instructing the jury as to the voluntariness of his confession, not instructing the jury on the defense of entrapment, not giving a jury instruction with regard to a phone call, and instructing the jury on aiding and abetting; 2) the prosecutor committed misconduct by introducing evidence of a telephone call in violation of Fed. R. Evid. 410 and by making improper comments during the opening statement and closing argument; 3) his attorney rendered ineffective assistance; 4) the district court erred in its determination of the quantity of drugs involved in the transaction for sentencing purposes; 5) the government lacked jurisdiction to try him; 6) he was unlawfully arrested; 7) there was no probable cause to search his home; and 8) there was no probable cause to obtain a search or arrest warrant.
 
 
 4
 Upon review of Tanks's Sec. 2255 motion, his motion for release pending review, and the government's response, the district court denied the motions. Tanks appeals from that judgment. In his timely appeal, Tanks partially reasserts only two of the claims. Tanks reasserts that the district court failed to give a limiting jury instruction regarding a phone call (Exhibit 41) and that his attorney rendered ineffective assistance. The remaining claims are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir. 1991), cert. denied, 112 S. Ct. 1481 (1992).
 
 
 5
 Upon review, we affirm the district court's judgment because Tanks has failed to show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S. Ct. 2424 (1993); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990) (per curiam). The court reviews a judgment denying a Sec. 2255 motion de novo, Taylor v. United States, 985 F.2d 844, 845 (6th Cir. 1993), while examining the district court's factual findings for clear error. United States v. Roberts, 5 F.3d 365, 368 (9th Cir. 1993); Warner v. United States, 975 F.2d 1207, 1212 (6th Cir. 1992), cert. denied, 113 S. Ct. 1314 (1993).
 
 
 6
 Tanks's first claim challenging the district court's failure to give a limiting instruction to the jury regarding a taped phone conversation (Exhibit 41) is not even reviewable in this proceeding. Tanks could have but did not raise this claim in his direct appeal. Claims that could have been raised on direct appeal may not be raised in a Sec. 2255 motion unless the defendant demonstrates cause and prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982). Tanks has not shown any cause to excuse his failure to assert the claim, and for the following reasons he was not prejudiced because the claim is meritless.
 
 
 7
 Although Tanks's pleadings are not clear, it appears that during a conference where the jury instructions were fashioned, defense counsel and the district court agreed that some sort of limiting instruction might be appropriate with respect to a phone call Tanks made about marijuana. No such limiting instruction was given, however. Failure to give a limiting instruction was not an abuse of discretion because Tanks was convicted of possessing and trafficking cocaine, not marijuana. See United States v. Medina, 992 F.2d 573, 583 (6th Cir. 1993), cert. denied, 114 S. Ct. 1049 (1994). There was also ample evidence to show that Tanks made other phone calls in an attempt to sell cocaine, so as to render any possible error harmless under the circumstances of this case.
 
 
 8
 As for his second claim raised on appeal, we conclude that Tanks was not denied effective assistance of counsel. Tanks claims that he received ineffective assistance when his attorney did not inform him of plea negotiations. An attorney's failure to inform a defendant of a plea offer can constitute ineffective assistance. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994); see generally Turner v. Tennessee, 858 F.2d 1201, 1205 (6th Cir. 1988), vacated on other grounds, 492 U.S. 902 (1989) (incompetent advice to reject a plea offer can constitute a Sixth Amendment deprivation). Counsel was not ineffective because there is no evidence that a plea bargain was ever offered. In fact, a liberal reading of his motion to vacate reveals that Tanks does not claim that a plea bargain was offered by the government, but only that his attorney did not inform him of ongoing plea negotiations. Thus, Tanks did not sufficiently allege that his attorney made an unprofessional error. See Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 9
 Moreover, Tanks was not denied effective assistance in any other respect because the record reveals that defense counsel engaged in active pretrial and motion practice and was diligent during the trial. Tanks's remaining grounds focus primarily on tactical decisions regarding whether to call certain witnesses or whether Tanks should testify in his own behalf. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Strickland, 466 U.S. at 689. In the face of overwhelming evidence supporting the conviction, the claim that but for counsel's ineffective representation the outcome of the trial would have been different is meritless.
 
 
 10
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.