92 F.3d 1186
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone TANKS, Defendant-Appellant.
 No. 95-4169.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1996.
 
 Before: GUY, BATCHELDER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Tyrone Tanks, a federal prisoner proceeding pro se, appeals a district court order denying his motion for a new trial filed under Fed.R.Crim.P. 33. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Tanks was convicted in a jury trial of four counts of money laundering, one count of attempting to possess cocaine for resale, and two counts of using a telephone to facilitate a drug trafficking crime. He was sentenced on December 20, 1991, to a total of 20 years in prison. A panel of this court affirmed Tanks's conviction and sentence in an unpublished opinion. United States v. Tanks, No. 92-3023, 1992 WL 317179 (6th Cir. Oct. 27, 1992) (per curiam). Tanks next filed several motions, including a motion for a new trial, which were denied by the district court in March 1993. Tanks's subsequent motion to vacate his sentence, filed under 28 U.S.C. § 2255, was also denied by the district court, with that decision affirmed on appeal. Tanks v. United States, No. 94-3849, 1995 WL 46339 (6th Cir. Feb. 6, 1995).
 
 
 3
 In his present motion for a new trial, Tanks asserted that newly discovered evidence would have resulted in a different outcome to his trial, but that the prosecution did not turn over the alleged exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). He further claimed that the prosecution improperly introduced the receipt for an airplane ticket which was not listed on the inventory of items seized from his residence. The district court denied Tanks's motion for a new trial in an order filed on October 3, 1995, and a supplemental order filed on October 12, 1995. The district court concluded that the motion for a new trial was time-barred and that, in any event, it was without merit.
 
 
 4
 On appeal, Tanks continues to argue the merits of his grounds for relief. In addition, he argues that the district court abused its discretion by not holding an evidentiary hearing on the motion. Tanks moves this court for the appointment of counsel and to release the grand jury minutes relating to his indictment.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in denying Tanks's motion for a new trial. See United States v. Seago, 930 F.2d 482, 488 (6th Cir.1991). A Rule 33 motion based upon any ground other than newly discovered evidence must be filed within seven days of the verdict. A Rule 33 motion based upon newly discovered evidence must be filed within two years of the date the judgment becomes final.
 
 
 6
 Tanks clearly filed his motion well after the two-year period specified by Rule 33 had run. This court issued its mandate in Tanks's direct appeal on December 2, 1992. The two-year limitations period had, therefore, run by December 2, 1994. Tanks filed the instant Rule 33 motion on March 7, 1995. Accordingly, the district court correctly concluded that the motion was time-barred. See United States v. Gomez-Vigil, 929 F.2d 254, 256 (6th Cir.1991).
 
 
 7
 In his brief on appeal, Tanks argues that the district court should have construed his motion as one brought under 28 U.S.C. § 2255 upon finding that Rule 33 relief was unavailable to him. Even had the district court done so, Tanks would not have prevailed. To warrant relief under § 2255, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). Tanks's claims simply do not rise to this level. In addition, Tanks would have to demonstrate cause and prejudice that would excuse his failure to raise these claims either on direct appeal or in his earlier motion to vacate. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). It is doubtful he would have been able to do so. Furthermore, because this would constitute Tanks's second motion to vacate, it would have been subject to challenge and dismissal as an abuse of the writ. See Rule 9(b), Rules Governing § 2255 Proceedings; McCleskey v. Zant, 499 U.S. 467, 489-90 (1991); Peltier v. Henman, 997 F.2d 461, 473 (8th Cir.1993).
 
 
 8
 Finally, the district court did not err in declining to hold an evidentiary hearing in this case. An evidentiary hearing need not be conducted on a § 2255 motion to vacate if the files and records of the case conclusively show that the movant is not entitled to relief. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993). The record in this case conclusively shows that Tanks is not entitled to relief.
 
 
 9
 Accordingly, the motions for the appointment of counsel and for release of the grand jury minutes are denied. The district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.