Tyrone TANKS, Petitioner–Appellant,

v.

Edward PEREZ, Warden, Respondent–Appellee.

No. 01–5177.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2001.

**326**

Before SILER and CLAY, Circuit Judges; GRAHAM, District Judge.*

Tyrone Tanks appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1991, a jury sitting in the United States District Court for the Southern District of Ohio convicted Tanks of money laundering in violation of 18 U.S.C. § 1956, attempting to possess cocaine for resale in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and using a telephone to facilitate drug trafficking in violation of 21 U.S.C. § 843(b). The district court sentenced Tanks to a total of 240 months of imprisonment. A panel of this court affirmed Tanks's convictions and sentence on appeal. *United States v. Tanks,* No. 92–3023, 1992 WL 317179 (6th Cir. Oct.27, 1992). Thereafter, a panel of this court affirmed the district court's denial of Tanks's first § 2255 motion to vacate his sentence. *Tanks v. United States,* No. 94–3849, 1995 WL 46339 (6th Cir. Feb.6, 1995). This court also affirmed the district court's denial of Tanks's motion for a new trial filed under Fed.R.Crim.P. 33. *United States v. Tanks,* No. 95–4169, 1996 WL

437938 (6th Cir. Aug.2, 1996). In a second § 2255 motion to vacate sentence, Tanks claimed, among other things, that the prosecutor knowingly used perjured testimony, the government engaged in outrageous conduct, and defense counsel rendered ineffective assistance. The district court denied the motion, and a panel of this court affirmed the district court's judgment. *Tanks v. United States,* No. 97–3681, 1998 WL 537532 (6th Cir. Aug.10, 1998).

In his current § 2241 habeas corpus petition filed in December 2000, Tanks challenges his conviction and sentence on the grounds that: 1) he was unfairly convicted because the government withheld information regarding the "star witness's" criminal background; and 2) he received ineffective assistance of counsel because his attorney did not investigate the witness's criminal background. The district court dismissed the petition because Tanks was improperly seeking to challenge the imposition of his sentence under § 2241, and yet he had failed to show that his remedy under § 2255 was inadequate or ineffective. Tanks has filed a timely appeal from that judgment and moves the court for leave to proceed in forma pauperis.

We render de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Tanks's petition.

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255 (last

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Charles,* 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

Tanks has not met his burden to prove that his § 2255 remedy is inadequate or ineffective. First, Tanks does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their viable actual innocence claims because they did not have a prior opportunity to present their claims, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir. 1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), Tanks has had multiple opportunities to challenge his conviction and sentence in his direct criminal appeal and in his prior § 2255 motions to vacate.

In addition, Tanks's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. The remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000).

Accordingly, we hereby deny Tanks's motion for leave to proceed in forma pauperis as unnecessary because Tanks had already been granted in forma pauperis status in the district court, *see* Fed. R.App. P. 24(a), and we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.