UNITED STATES of America,
Plaintiff-Appellee,

v.

Mortimer SCHAFFER,
Defendant-Appellant.

No. 78–5661.

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1979.

Daniel S. Pearson, Miami, Fla., for defendant-appellant.

Alan L. Weisberg, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT and VANCE, Circuit Judges, and ALLGOOD, District Judge.*

ALLGOOD, District Judge:

On September 1, 1977, a 66-count indictment was returned against Dr. Mortimer Schaffer alleging violations of 18 U.S.C. §§ 1001 and 2. On February 1, 1978, a superseding 74-count indictment was filed charging the defendant with violating the same sections of Title 18, by making material false, fictitious and fraudulent statements in documents entitled "Request for Medicare Payment" submitted to an agency of the Social Security Administration.

A jury trial was held before District Judge William M. Hoeveler in the Southern District of Florida beginning on July 20, 1978. The jury found the defendant to be guilty on 71 counts on July 28, 1978. The jury returned not guilty verdicts on counts 22 and 29, and the court entered a judgment of acquittal on count 69. The defendant was adjudged guilty and his case continued to September 22, 1978 for sentencing on which date he was duly sentenced. This appeal follows.

Dr. Schaffer claims four points of error. We find no merit to any, and affirm.

The issues raised by defendant will be discussed briefly in the order that they have been raised.

Point One: Did the trial court err in instructing the jury that it could find the defendant guilty if the statements were made with knowledge of their falsity or with reckless indifference as to their truth or falsity?

We find this instruction as used here to be proper. Under recognized precedents for a prosecution under 18 U.S.C. § 1001 "reckless indifference" can be equated with "knowingly and willfully."

* District Judge of the Northern District of Alabama, sitting by designation.

Two recent Fifth Circuit opinions have approved jury instructions in cases involving 18 U.S.C. § 1001 which equate "knowledge" with "reckless disregard of the truthfulness or falsity" of a statement coupled with a "conscious effort to avoid learning the truth." *See United States v. Cook,* 586 F.2d 572 (5th Cir. 1978); *United States v. Evans,* 559 F.2d 244 (5th Cir.), *cert. denied,* 434 U.S. 1015, 98 S.Ct. 731, 54 L.Ed.2d 759 (1978). The charges in these cases have been referred to as "deliberate ignorance" charges and as the court in *Cook* reasoned, deliberate ignorance is the equivalent of knowledge. 586 F.2d at 580. The issue then becomes whether deliberate ignorance results from reckless disregard of the truth or from a conscious effort to avoid learning the truth. The Second Circuit has ruled that the knowledge requirement is satisfied by proof of a conscious purpose to avoid learning the truth, indicating that this is the type of "deliberate ignorance" at issue. *See United States v. Jacobs,* 475 F.2d 270 (2nd Cir. 1973). The trial court in the instant case did not include a charge on conscious avoidance of the truth. It did, however, charge that defendant's statement that was made with reckless indifference to the truth must also have been made with an intent to deceive. We believe that the requirement of an intent to deceive coupled with reckless indifference to the truth or falsity of the statement is the equivalent of knowledge. In addition, the evidence strongly establishes defendant's actual knowledge of the falsity of the Medicare statements. Defendant's employees testified that he directed them to falsify medical records. Viewed as a whole the instruction to the jury was not so deficient as to justify reversal. See

*Henderson v. Kibbee,* 431 U.S. 145, 156, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977).

Point Two: Did the prosecutrix's closing remarks concerning the honesty and credibility of government witnesses constitute plain error?

■ Considering the prosecutrix's final argument questioned by the defendant as a whole, it appears that she did not vouch for the honesty of the government witnesses certainly to the extent that her remarks might be construed to be an expression of personal opinion. In discussing the testimony of witnesses who had been patients of the defendant, she stated:

"In addition to the patients alone, of course, as I told you, you do not have to rely only on what they said. However, these were all witnesses who came to you from various placed in life, who were patients of the doctor, who had nothing to gain or lose by their testimony in this case and who were, *by and large* believable and very honest witnesses." (Emphasis added).

It is clear that this is not a comment of her personal assessment of the credibility of the witnesses. It is not an expression of personal belief or opinion as to the truth or falsity of any testimony. It is an attempt to analyze the testimony of this class of witnesses, and the statement that they were believable and very honest witnesses was qualified by the term "by and large."

■ As pointed out in appellee's brief, the second part of the statement[1] was critical of the employee witnesses and could reasonably be considered more beneficial to the defendant than to the Government. However, should the closing argument be construed to be a statement of personal

---

1. The third source of the Government's proof in this case came from the employees themselves. The employees in many cases are the best evidence and the worst evidence. They are the best evidence because they are the ones who were there. The patients just kind of went in and out and they thought they saw what was being given to them. They thought they knew if they got an x-ray or laboratory examination but the employees were the ones who really knew. They were the ones who knew what

was happening, not only to the patients but to the medicare claims being submitted to the Government. They are the worst witnesses because whatever else you say about these people, no matter how honestly they testified to you from the stand, at the time this was going on they either participated in it or they saw it going on and did nothing to stop it. Each of these people was there during the time we are talking about (T 531).

opinion (and we do not so construe it) as to the credibility of the government witnesses in a manner clearly prohibited by *U. S. v. Morris,* 568 F.2d 396 (5th Cir. 1978), the prosecutrix's statements would be permissible under the fair reply doctrine as expressed in *U. S. v. Hiett,* 581 F.2d 1199 (5th Cir. 1978). The trial judge also instructed the jury that the prosecutrix's statements were not evidence, thereby protecting the defendant's rights. *See U. S. v. Morris, supra,* at 402. The defendant has failed to establish plain error on this issue.

Point Three: Did the trial court's jury instruction defining reasonable doubt as a "real doubt" lessen the government's burden of proof and thereby deny the defendant due process?

 The appellant argues that the phrase "substantial doubt" and "real doubt" are equivalent in scope and degree. Assuming arguendo that they are, we have recently held that the equation of reasonable doubt with substantial doubt is not error per se. *U. S. v. Rodriquez,* 585 F.2d 1234 (5th Cir. 1978).

In reviewing "reasonable doubt" charges, this Circuit looks to the whole instruction rather than isolate any particular sentence. *U. S. v. Patman,* 557 F.2d 1181 (5th Cir. 1977). Therefore, the word "real" must be viewed contextually in order to determine if the Government's burden of proof was lessened. When viewed in light of the entire jury charge on the burden of proof and presumption of innocence, the trial court's use of the word "real" one time in defining reasonable doubt cannot be said to have constituted plain error.[2]

Point Four: In a prosecution under 18 U.S.C. § 1001, is the materiality of an alleged false statement a question of fact for the jury and not a matter of law to be determined by the court?

 Appellant concedes that this court has held that the issue of materiality is one that is to be decided by the court, *U. S. v. Beer,* 518 F.2d 168 (5th Cir. 1975), but urges us to abandon this position and adopt the rule set out in *Gonzales v. U. S.,* 286 F.2d 118 (10th Cir. 1960). This we decline to do. The trial court properly included its finding on materiality in its instructions to the jury. *See U. S. v. Damato,* 554 F.2d 1371 (5th Cir. 1977).

Having considered the arguments raised by appellant, we conclude that there was no reversible error. The judgment of the District Court is affirmed.

AFFIRMED.

---

2. "Indeed the defendant is presumed by the law to be innocent and that presumption remains with him throughout the trial, unless and until he is found guilty of the crimes charged beyond a reasonable doubt.

The law does not require the defendant to prove his innocence or to present any evidence at all. The Government has the burden of proving him guilty beyond a reasonable doubt and if they fail to do so, you must acquit him.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.

It is only required that the Government's proof exclude any reasonable doubt concerning the defendant's guilt.

A reasonable doubt is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt is proof such that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

If you are convinced that the accused has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so."