UNITED STATES of America,
Plaintiff-Appellee,

v.

James Allen NEWPORT,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Bennett Eugene BREWER,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Dennis Leon THOMAS,*
Defendant-Appellant.

Nos. 83-1263, 83-1264 and 83-1266.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 1984.

Decided Nov. 23, 1984.

Brian C. Leighton, Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

Patrick Q. Hall, San Diego, Cal., for Newport.

James A. Brennan, Sacramento, Cal., for Brewer.

Charles L. Goldberg, San Diego, Cal., for Thomas.

Before WALLACE, ALARCON, and NELSON, Circuit Judges.

ALARCON, Circuit Judge:

James Newport and Dennis Thomas appeal their convictions stemming from their participation in a scheme to manufacture and distribute phenyl-2-propanone and methamphetamine.

We must decide whether a jury instruction which equates "reasonable doubt" with "real doubt" diminishes the government's burden of proof in violation of due process. We conclude that giving a "real doubt" instruction to the jury does

* Newport and Thomas' other points on appeal, as well as each of Bennett Brewer's contentions, do not require discussion in a published opinion. They will be considered in an unpublished memorandum pursuant to Ninth Circuit Rule 21. *See United States v. Kennedy,* 726 F.2d 546, 547 n. 1 (9th Cir.1984), *petition for cert. filed,* —— U.S. ——, 105 S.Ct. 365, 83 L.Ed.2d 301.

**1308**

not constitute constitutional error and affirm.

The district court gave the following instructions on reasonable doubt:

> The defendants are presumed by law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all.

> The government has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit him. Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any reasonable doubt concerning the defendant's guilt.

> A reasonable doubt is a real doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the accused have been proven guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

> Unless the government proves beyond a reasonable doubt that the defendant has committed every element of the offense with which he is charged, you must find him not guilty.

Newport and Thomas argue, without citation to any authority, that "there would appear to be a Due Process constitutional infirmity with the 'real doubt' instruction given by the Court." They also contend that "[a]s defined by Webster, the term 'real' must mean 'indubitable' or 'unquestionable.'" This argument ignores the fact that the same source lists other meanings for the term "real," which preceed those selected by appellants, including "authentic," "genuine," "actual," and "true."

■ "Real" is defined in Webster's Third International New Dictionary 1890 (1971) as "that is precisely what its name implies: not merely so called: truly possessing the essence of what it is called." Thus, when used as an adjective in connection with, the word "doubt," the term "real" means a doubt which is an authentic, genuine, actual and true instead of its opposite meaning i.e. "unreal, apparent, or imaginary" doubt. *See* antonym of "real" in Webster's New Collegiate Dictionary 962 (1975). "Real" is a qualitative and not a quantitative term. As used in the court's instructions, it refers to the "nature" of the doubt rather than the "amount" of the doubt which must be present.

■ An appellate court reviewing a reasonable doubt charge must consider the instructions in their entirety. If the charge, taken as a whole, fairly and accurately conveys the meaning of reasonable doubt, it is proper. *United States v. Rhodes*, 713 F.2d 463, 472 (9th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 535, 78 L.Ed.2d 715 (1983); *United States v. Robinson*, 546 F.2d 309, 314 (9th Cir.1976), *cert. denied*, 430 U.S. 918, 97 S.Ct. 1333, 51 L.Ed.2d 597 (1977).

We are satisfied that, when considered contextually, the court's instruction on reasonable doubt was free of constitutional error. The issue we review in this opinion is one of first impression in this circuit. The Fifth Circuit, however, has ruled on this precise question.

In *United States v. Schaffer*, 600 F.2d 1120 (5th Cir.1979), in considering a similar set of instructions, the Fifth Circuit held that defining reasonable doubt as "real doubt" when considered "in light of the entire jury charge," did not lessen the government's burden or constitute plain error. *Id.* at 1123. In *United States v. Alonzo*, 681 F.2d 997, 1002 (5th Cir.1982), the court held that an instruction which included the "real doubt" language was a "proper" charge without discussing the precise question presented here.

Our determination that the instruction used by this court in this matter did not violate due process should not be construed as an indication that we approve of the

language used or that it contains the most appropriate formulation of the reasonable doubt standard. In *Taylor v. Kentucky*, 436 U.S. 478, 488, 98 S.Ct. 1930, 1936, 56 L.Ed.2d 468 (1978), the Court commented that a definition of reasonable doubt as "a substantial doubt, a real doubt" while "perhaps not in itself reversible error often has been criticized as confusing." *See, e.g., United States v. Muckenstrum*, 515 F.2d 568, 571 (5th Cir.), *cert. denied*, 423 U.S. 1032, 96 S.Ct. 564, 46 L.Ed.2d 406 (1975); *United States v. Christy*, 444 F.2d 448, 450 (6th Cir.), *cert. denied*, 404 U.S. 949, 92 S.Ct. 293, 30 L.Ed.2d 266 (1971). *Id.* at 488.

The challenged instruction was free of constitutional error. The judgment is AFFIRMED.