**UNITED STATES of America, Plaintiff,**

v.

**Charles Douglas STEELE, aka Miles Sherman, Defendant.**

**No. CR–R–84–40–ECR.**

United States District Court,
D. Nevada.

Feb. 7, 1985.

Brian L. Sullivan, Asst. U.S. Atty., Reno, Nev., for plaintiff.

Richard L. Davenport, Reno, Nev., for defendant.

**54**

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The defendant has moved for a new trial pursuant to Fed.R.Crim.P. 33 on the ground that a dictionary was supplied by the bailiff to the jurors during their deliberations. It was furnished without the knowledge of the Court and counsel.

After the matter was brought to the Court's attention, individual hearings were held for all twelve jurors to ascertain the extent of the use made of the dictionary. It is clear that the book was in the jury room for two hours or more on the last day of the deliberations and that the dictionary definitions for certain words were read aloud and discussed.

The sending of a dictionary into the jury room, without consulting counsel, is error. *United States v. Birges*, 723 F.2d 666, 670 (9th Cir.1984). The danger is that the jurors will use it to construct their own inaccurate definitions of legal terms. *Id.* at 671. A violation of the rule does not compel reversal, nevertheless, unless a reasonable possibility of prejudice is shown. *Id.* at 670. If it had been extrinsic or unadmitted evidence, rather than a dictionary, the rule would be that the defendant is entitled to a new trial if there existed a reasonable possibility that the extrinsic material could have affected the verdict. *United States v. Vasquez*, 597 F.2d 192, 193 (9th Cir.1979).

It is the defendant's contention that the dictionary definitions of some of the words looked up by the jurors were inaccurate or, at least, confusing. Although there was not unanimity of agreement as to exactly what words were looked at, the specific words recalled by one or more jurors were "conspiracy", "conspirator", "concerted", "copyright", "infringement", "plagiarism" and "doubt". The jury convicted the defendant of two counts of copyright infringement, one by unauthorized reproduction of motion pictures and the other by unauthorized distribution of copies of those pictures. A count charging conspiracy to

infringe the copyrights of motion pictures was dismissed on motion of the prosecution after the jury indicated it was unable to reach a verdict as to that count. The dismissal eliminated any possibility that the dictionary definitions of "conspiracy", "conspirator" and "concerted" could have prejudiced the defendant.

The particular dictionary that was used in the jury room was "Webster's Third New International Dictionary", unabridged. Its definition of "copyright" is: "the exclusive, legally secured right to reproduce (as by writing or printing), publish and sell the matter and form of a literary, musical, or artistic work (as by dramatizing, novelizing, performing or reciting in public, or filming) for a period in the U.S. of 28 years with a right of renewal for another 28 years". The word "infringement" is there defined: "the unlawful manufacture, use, or sale of a patented or copyrighted article, such as constitutes a tort in law".

Instruction No. 19 quotes the criminal copyright infringement statutes, 17 U.S.C. § 506(a) and 18 U.S.C. § 2319(b)(2)(B). Instruction No. 21 lists the essential elements of the offense of copyright infringement by unauthorized reproduction of motion pictures, whereas No. 23 lists the essential elements of copyright infringement by unauthorized distribution of copies of motion pictures. Instruction No. 25 quotes 17 U.S.C. § 106 as to the exclusive rights possessed by a copyright owner. No. 26 explains the "first sale" doctrine. The Court has compared closely these instructions with the dictionary definitions and finds no reasonable possibility of prejudice arising from perusal of the dictionary in connection with the words "copyright" and "infringement".

The word "plagiarism" is defined in the dictionary as: "an act or instance of plagiarizing ...." "Plagiarize" is defined: "to steal and pass off as one's own (the ideas or words of another): use (a created production) without crediting the source ...: to commit literary theft: present as new and original an idea or product derived from an existing source". Plagiarism is comparable to copyright infringement in the sense that someone else's creativity is misappropriated. However, the instructions to the jury did not mention the word and no reasonable possibility of prejudice has been shown as a result of its discussion in the jury room. The jury must be accepted as a rational body, capable of making the distinctions and constructions necessary to the fact-finding process. *United States v. Bagnariol*, 665 F.2d 877, 888 (9th Cir.1981).

The noun "doubt" is defined in the dictionary used in the jury room as: "uncertainty of belief or opinion ..: the subjective state of being uncertain of the truth of a statement or the reality of an event as a result of incomplete knowledge or evidence..: a deliberate suspension of judgment or withholding of belief ..: a systematic weighing of the reasons for holding a belief or opinion ..: the condition of being objectively uncertain: a state of affairs giving rise to uncertainty, hesitation or suspense ..: a feeling of uncertainty ..: an uncertain or unsettled point or matter: difficulty ..: a lack of confidence: distrust, suspicion ..: an inclination not to believe or accept: question ...". The defendant argues that the jurors could have undertaken their own definition of "reasonable doubt" and lessened the burden placed on the prosecution.

Instruction No. 4 emphasizes that the evidence in the case must convince the jury beyond a reasonable doubt of the guilt of the accused, or else it is the jury's duty to find him not guilty. The same message is provided in Instruction No. 7, which also states that proof beyond a reasonable doubt must "be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs." The Government's burden to prove beyond a reasonable doubt that the defendant has committed every element of an offense with which he is charged, is noted in Instruction No. 8. The same guiding principle is set forth in Instruction No. 12. Instruction No. 39 again declares that the accused's guilt must be proved beyond a reasonable doubt. Instruction 40 specifies:

"After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt you must find him not guilty." The duty of jurors to follow the law stated in the instructions and to apply the rules of law to the facts found from the evidence in the case is made clear in Instruction No. 1.

The Court is convinced that the charge to the jury fairly and accurately conveyed the meaning of "reasonable doubt". Although it was not proper for jury members to read or discuss Webster's definitions of "doubt", no reasonable possibility of prejudice is shown therefrom. The instructions, both individually and as a whole, emphasized the necessity that the jury apply the reasonable doubt standard. *See United States v. Newport,* 747 F.2d 1307 (9th Cir. 1984).

IT IS, THEREFORE, HEREBY ORDERED that the defendant's motion for a new trial be, and the same hereby is, DENIED.