**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Shawn DANIELS, Tyrone Scott, Paul George, Sadie Elizabeth Green, Johnny Morris Anderson, Kenneth Bruce Hicks, Defendants–Appellants.**

**No. 91–8571.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 25, 1993.

Julian H. Toporek, Savannah, GA, for Daniels.

William G. Bell, III, Savannah, GA, for George.

Linnie L. Darden III, Savannah, GA, for Scott.

Clarence L. Martin, Savannah, GA, for Green.

Robert S. Willis, Jacksonville, FL, for Anderson.

Joseph D. Newman, Asst. U.S. Atty., Savannah, GA, for U.S.

G. Terry Jackson, Savannah, GA, for Hicks.

ON PETITION FOR REHEARING

Before TJOFLAT, Chief Judge, FAY and COX, Circuit Judges.

PER CURIAM:

 In our earlier panel opinion in this case, reported at 986 F.2d 451 (11th Cir. 1993), we concluded that Kenneth Bruce Hicks waived his challenge of the Government's failure to prove venue, by failing to object to venue prior to trial. On petition for rehearing, Hicks argues that this conclusion was in error. Hicks notes that in the instant case the indictment alleged that he possessed narcotics "in Chatham County within the Southern District of Georgia." In contrast, Hicks argues, in the case upon which the panel relied, the defect in venue was apparent from the face of the indictment. Thus, Hicks contends that the authority upon which the panel relies is distinguishable and that "when an indictment contains a proper allegation of venue so that a defendant has no notice of a defect of venue until the Government rests its case, the objection is timely if made at the close of the evidence." *United States v. Black Cloud,* 590 F.2d 270, 272 (8th Cir.1979).

Finding Hicks's argument meritorious, the panel hereby grants rehearing. Absent waiver, we review Hicks's venue claim on the merits. Upon review of the evidence as to venue, we find the evidence sufficient to support his conviction. Accordingly, this panel readopts all parts of its opinion dated March 19, 1993, reported at 986 F.2d 451 (11th Cir.1993), except for the second paragraph of footnote two. The second paragraph of footnote two is withdrawn; and what follows is substituted for the second paragraph of footnote two:

> Finally, the district court did not err in denying Kenneth Bruce Hicks's motion for acquittal or for a new trial on Count 12, which charged him with possessing with the intent to distribute approximately seventeen kilograms of cocaine hydrochloride around December 1989 and aiding and abetting Terry Scanes to do the same, in violation of 21 U.S.C. § 841(a)(1). The primary argument Hicks makes on this issue concerns the Government's lack of proof of venue. We have considered the evidence relevant to the charge in Count 12, including the evidence as to venue in the Southern District of Georgia, and find the evidence sufficient to support his conviction.

The petition for panel rehearing is otherwise denied.