**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Eugene Stewart MONTGOMERY, Defendant–Appellant.**

**No. 99–6192.**

United States Court of Appeals, Sixth Circuit.

July 19, 2001.

Before SILER and GILMAN, Circuit Judges; and DUGGAN,* District Judge.

DUGGAN, District Judge.

On May 25, 1999, a jury found Eugene Stewart Montgomery guilty on six counts of distribution of heroin in violation of 21 U.S.C. § 841. Defendant was subsequently sentenced to 240 months imprisonment on each count, to run concurrently. Defendant has filed a timely appeal. For the reasons set forth below, we AFFIRM.

### Background

On October 28, 1998, a grand jury returned an eight-count indictment charging Defendant with distribution and/or possession with intent to distribute heroin. The majority, if not all, of the Government's evidence against Defendant was gathered through the use of a confidential informant, William Carden, who assisted the Government by purchasing heroin from Defendant on a number of occasions.

As a result of the Government's investigation, state charges were filed against several individuals, including Defendant. Out of all of the individuals originally charged by the state, Defendant was the only person who was subsequently charged in a federal indictment.

Defendant presented no witnesses in his defense. Instead, defense counsel focused exclusively upon the fact that Defendant was the only individual to be charged with a federal offense. Consistent with this strategy, defense counsel argued to the jury that Defendant should be acquitted so that he could be returned to state custody and prosecuted in state court along with the other individuals.

The jury ultimately found Defendant guilty as to six counts of the indictment. Defendant's presentence report assigned him an offense level of 32, with a criminal history category of VI, providing for a guideline range of 210 to 262 months imprisonment. In calculating Defendant's offense level as 32, the probation officer determined that Defendant was not entitled to an adjustment for acceptance of responsibility because he was found guilty by jury verdict.

Defendant filed objections to the presentence report, asserting, among other things, that he was entitled to a two-point reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, which would have lowered his offense level to 30, resulting in a guideline range of 168 to 210 months imprisonment. In response to Defendant's objections, the probation officer issued an addendum to the presentence report in which she concluded that Defendant was not entitled to a two-point reduction for acceptance of responsibility because there appeared to be no documentation reflecting that Defendant had admitted the essential factual elements of the charges before proceeding to trial.

On August 23, 1999, Defendant was sentenced to the statutory maximum of 240 months imprisonment on each count, to run concurrently.

On August 31, 1999, Defendant filed a timely notice of appeal.

### Discussion

Defendant appeals his convictions and sentences on four grounds: (1) that he was denied effective assistance of counsel, the

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

right to a jury trial, and the right to due process of the law when defense counsel repeatedly admitted Defendant's guilt throughout trial, (2) that the district court erred in failing to grant him a two-level reduction for acceptance of responsibility, (3) that the district court's reasonable doubt instruction was erroneous, and (4) that his twenty-year sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.

### 1. Ineffective Assistance of Counsel

■ Defendant's first and foremost claim on appeal is that he was denied the right to effective assistance of counsel, the right to a jury trial, and the right to due process of the law because defense counsel admitted his guilt to the jury. Defendant directs our attention to defense counsel's acknowledgment before the jury that Defendant was a heroin addict and that Defendant had bought heroin from the Government's confidential informant. Defendant also asserts that counsel was ineffective for failing to properly cross-examine two of the Government's witnesses as to whether Carden, the confidential informant, was an addict, and failing to file a motion to quash the search warrant associated with Count 8 of the indictment.

■ Claims of ineffective assistance of counsel are rarely cognizable on direct appeal. See, e.g., United States v. Long, 190 F.3d 471, 478 (6th Cir.1999). As a general rule, such claims are not suited for direct review as there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993). Rather, the customary procedure is to permit the defendant to raise his ineffectiveness of counsel claim in a proper postconviction proceeding under 28 U.S.C. § 2255, where, if necessary, additional evidence, including an evidentiary hearing,

may be permitted. See United States v. Tucker, 90 F.3d 1135, 1143 (6th Cir.1996).

We believe it best to adhere to such practice here. Although we have previously held that it is ineffective assistance of counsel for a lawyer to admit a client's guilt without first obtaining his client's consent to such a strategy, see Wiley v. Sowders, 647 F.2d 642, 650 (6th Cir.1981), we cannot tell, from the record currently before us, the reasons for defense counsel's conduct; or whether Defendant consented to such a strategy at the time of trial. Because Defendant's claims of ineffective assistance of counsel are more properly suited for collateral review, we decline to review them.

### 2. Sentencing Error

■ Next, Defendant contends that the district court erred in denying his request for a two-level reduction based upon acceptance of responsibility. Defendant contends he is entitled to such a reduction because he never denied the factual elements of the offenses at trial. Instead, his sole strategy was one of jury nullification premised upon the fact that he was the only individual charged in a federal indictment. According to Defendant, a defense based upon jury nullification does not attack the elements of the crime. Furthermore, defense counsel never argued a lack of proof to the jury. Rather, Defendant argues defense counsel admitted Defendant's guilt during closing argument.

U.S.S.G. § 3E1.1 provides for a two-level reduction for acceptance of responsibility. Application Note 2 to U.S.S.G. § 3E1.1 further provides:

This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by

trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

Defendant has the burden of demonstrating acceptance of responsibility by a preponderance of the evidence. *United States v.. Surratt,* 87 F.3d 814, 821 (6th Cir.1996). " 'Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the determination of the sentencing judge is entitled to great deference on review.' " *Id.* (quoting *United States v. Donathan,* 65 F.3d 537, 541–42 (6th Cir.1995)); *see also* U.S.S.G. § 3E1.1 cmt. 5. Therefore, we review the district court's determination as to acceptance of responsibility for clear error. *Id.* Whether the sentencing guidelines have been accurately applied to a particular set of facts is reviewed *de novo. United States v. Bennett,* 170 F.3d 632, 640 (6th Cir.1999) (citing *United States v. Morrison,* 983 F.2d 730, 732 (6th Cir.1993)).

Defendant has presented no facts or evidence that would lead us to conclude that the district court erred in denying his request for a reduction for acceptance of responsibility. The most that Defendant has offered is that which is contained in his objection to the presentence report, *i.e.,* that he is entitled to a two-point reduction "because he did not in any way deny the essential factual elements of guilt."

U.S.S.G. § 3E1.1 provides that a defendant is entitled to a two-level reduction "if the defendant *clearly* demonstrates acceptance of responsibility for his offense." (emphasis added). In our opinion, merely "not denying" the essential factual elements of guilt does not equate to a clear demonstration of acceptance of responsibility. Defendant's "failure to deny" is not, in our opinion, analogous to the examples in Application Note 2 to U.S.S.G. § 3E1.1.

As Application Note 2 states, "[a] determination that a defendant has accepted responsibility will be based primarily upon pretrial statements and conduct." U.S.S.G. § 3E1.1 note 2. Nothing in this record reveals any pretrial statements or conduct on the part of Defendant to support a finding that he was entitled to a two-level reduction for acceptance of responsibility. We therefore conclude that the district court did not err in denying Defendant's request.

### 3. Reasonable Doubt Instruction

Defendant also contends that the district court's reasonable doubt instruction was erroneous. Because Defendant did not object to the district court's instruction at trial, we review the jury instruction for plain error. *United States v. Krimsky,* 230 F.3d 855, 858 (6th Cir.2000). " 'Plain error is defined as an egregious error, one that directly leads to a miscarriage of justice.' " *Id.* (quoting *United States v. Busacca,* 863 F.2d 433, 435 (6th Cir.1988)).

Defendant asserts that the district court erred by instructing the jury that the government's proof need only exclude *a* reasonable doubt concerning Defendant's guilt, rather than *any* or *all* reasonable doubt. According to Defendant, the district court's instruction allowed the jury to convict him upon a lesser finding of reasonable doubt. We find Defendant's argument to be without merit.

In its entirety, the district court's reasonable doubt instruction, modeled after the Eleventh Circuit's Pattern Jury Instructions, stated:

> Now, the indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent and the law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving him guilty beyond a reasonable doubt; and if it fails to do so, you must acquit him.
>
> Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proven beyond all possible doubt. It's only—it is only required that the government's proof exclude a reasonable doubt concerning the defendant's guilt.
>
> Now, a reasonable doubt is a real doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.
>
> Proof beyond a reasonable doubt, therefore is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.
>
> Now, if you're convinced that the accused has been proved guilty beyond a reasonable doubt, you must say so. If you're not convinced, you must say so.

(J.A. 113–14).

This Court has approved of reasonable doubt instructions almost identical to that used by the district court. *See, e.g., United States v. Haueter*, No. 86–3217, 1988 WL 7414 (6th Cir. Feb. 3, 1988); *United States v. McCaleb*, No. 85–3715, 1986 WL 17282 (6th Cir.1986); *see also United States v. Daniels*, 986 F.2d 451, 456–57, *vacated and superseded in part*, 5 F.3d 495 (11th Cir.1993); *United States v. Nickens*, 955 F.2d 112, 119–20 (1st Cir.1992);

*United States v. Newport*, 747 F.2d 1307, 1307–09 (9th Cir.1984). When reviewed in its entirety, we are satisfied that the reasonable doubt instruction did not allow the jury to convict on a lesser standard of proof. Accordingly, we find no error.

### 4. *Eighth Amendment Claim*

■ Lastly, Defendant contends that a twenty-year sentence for less than five grams of heroin is disproportionate to the crime committed and violative of the Eighth Amendment's prohibition against cruel and unusual punishment, especially when his addiction is considered.

■ In general, a sentence within statutory limitations does not violate the Eighth Amendment. *See United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994). Although Defendant was only held accountable for 1.47 to 4.27 grams of heroin, his criminal history level of 32 was based largely upon his status as a career offender under U.S.S.G. § 4B1.1. Both the Supreme Court and this Court have upheld even harsher sentences, as well as similar career offender guidelines, under Eighth Amendment scrutiny. *See e.g., Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *United States v. Garcia*, 20 F.3d 670, 674 (6th Cir.1994); *see also Hutto v. Davis*, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (holding that 40–year sentence for possessing less than nine ounces of marijuana did not violate Eighth Amendment); *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (holding that life sentence for "felony theft," which usually carried penalty of not more than ten years imprisonment, did not violate Eighth Amendment). Accordingly, Defendant's claim under the Eighth Amendment is without merit.

*Conclusion*

For the reasons state above, we AF-FIRM Defendant's convictions and sentences.