[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10463
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00088-SCB-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMIE LEE FORD, JR.,
a.k.a. Hood,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 27, 2010)

Before TJOFLAT, EDMONDSON and MARTIN, Circuit Judges.

PER CURIAM:

A Middle District of Florida jury convicted Jimmie Lee Ford, Jr. on three

counts of distributing at least five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and the district court sentenced him to prison for 130 months on each count, the sentences to run concurrently. He now appeals his convictions raising one issue:

> Whether the district court committed legal error and misled the jury as to the Government's burden of proof when it defined 'reasonable doubt' subjectively—that is, when it described the proof required in terms of what a juror would rely upon in his or her own affairs?

> The district court instructed on reasonable doubt in accordance with the

Eleventh Circuit Pattern Jury Instructions, as follows:

> [A] real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case. Proof beyond a reasonable doubt is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

11th Cir. Pattern Jury Instructions 3. We have repeatedly approved of this definition of reasonable doubt. *See*, *e.g.*, *United States v. Hansen*, 262 F.3d 1217, 1249-50 (affirming jury instructions that defined reasonable doubt as "proof of such a convincing character that you would be willing to rely or act upon it without hestitation in a decision involving the most important of your affairs."); *United States v. Daniels*, 968 F.2d 451, 457-58 (11th Cir. 1993), *op. readopted on*

*reh'g*, 5 F.3d 495, 496 (11th Cir. 2003) (rejecting a defendant's argument that the "willing to act" language in this Circuit's reasonable doubt instruction impermissibly lowers the government's burden of proof); *United States v. Clayton*, 643 F.2d 1071, 1074-75 (5th Cir. 1981).

Since this panel is bound by these prior decisions, *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (*en banc*), we are obliged to sustain the challenged jury instruction and affirm.

AFFIRMED.