[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10928
Non-Argument Calendar

_____

D.C. Docket No. 9:11-cr-80072-KAM-1

UNITED STATES OF AMERICA,

                                                                Plaintiff-Appellee,

versus

ROSE MARKS,
a.k.a. Joyce Michael,

                                                                Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 4, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Rose Marks appeals her convictions and total 121-month sentence for the

following counts related to a fortune-telling fraud scheme: one count of conspiracy

to commit mail and wire fraud, 18 U.S.C. § 1349; one count of mail fraud, 18 U.S.C. § 1341; seven counts of wire fraud, 18 U.S.C. § 1343; one count of conspiracy to commit money laundering, 18 U.S.C. § 1956(h); two counts of money laundering, 18 U.S.C. § 1957; and two counts of filing a false tax return, 26 U.S.C. § 7206(1).  On appeal, Marks argues that the district court erred by not individually questioning all of the members of the venire panel during voir dire after several panel members indicated that they could not be fair and impartial. She also contends that the district court erred in concluding that the government did not violate *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763 (1972), or the Jencks Act, 18 U.S.C. § 3500.  Finally, Marks asserts that the court erred by finding, for sentencing purposes, that the loss amount in this case was $17.8 million.

## I.

Generally, we review the district court's method of conducting voir dire for abuse of discretion.  *United States v. Hill*, 643 F.3d 807, 836 (11th Cir. 2011). However, if a party fails to preserve an objection for appeal, as in this case, we will not reverse unless the party can show plain error.  *See United States v. Khoury*, 901 F.2d 948, 966 (11th Cir. 1990).  Under plain-error review, the defendant must first demonstrate that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights.  *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th

Cir. 2005).  If those conditions are met, we may choose to exercise our discretion to correct the forfeited error only if the error seriously affects the fairness, integrity, or reputation of judicial proceedings.  *Id*.  For an error to be plain there must be some controlling authority—such as a statute, Supreme Court decision, or a decision of this Court—that squarely supports the defendant's argument.  *United States v. Pantle*, 637 F.3d 1172, 1174-75 (11th Cir. 2011).

The district court's voir dire only needs to provide reasonable assurance to the parties that any prejudice of the prospective jurors would be discovered.  *Hill*, 643 F.3d at 836.  Courts have ample discretion in determining how best to conduct voir dire because the obligation to impanel an impartial jury lies in the first instance with the trial judge and that judge must rely largely on his immediate perceptions.  *Rosales-Lopez v. United States*, 451 U.S. 182, 189, 101 S.Ct. 1629, 1634 (1981).  To find that the court was constitutionally compelled to question the venire on a particular subject, the failure to ask the questions "must [have] render[ed] the defendant's trial fundamentally unfair."  *Mu'Min v. Virginia*, 500 U.S. 415, 425-26, 111 S.Ct. 1899, 1905 (1991).

The district court did not plainly err by not individually questioning each of the members of the venire about their potential biases with respect to Marks's occupation as a fortune teller or the source of funds for her defense.  Although some of the jurors expressed that they did not believe they could fairly decide a

3

case in which a fortune-teller was alleged to have engaged in fraud or speculated about the source of Marks's defense funds, these comments merely revealed the prospective jurors' own biases.  Moreover, after the prospective jurors indicated that they could not be impartial, the court asked the other members of the panel if they could presume Marks to be innocent.  No other prospective jurors responded that they were biased by the comments, even after the court told them to inform the court if they changed their mind regarding their ability to be impartial at any time during the selection process.  These comments, therefore, did not create a likelihood of "potential actual prejudice" on the part of the remaining panel members.  *See United States v. Chastain,* 198 F.3d 1338, 1347-48 (11th Cir. 1999); *United States v. Daniels*, 986 F.2d 451, 455 (11th Cir. 1993), *readopted in relevant part on reh'g*, 5 F.3d 495, 496 (11th Cir. 1993).  Marks's argument that the court was constitutionally compelled to individually question the other members of the venire panel about the comments fails because her allegations about the effect of the comments on the other members of the panel are speculative and do not show that her trial was rendered fundamentally unfair.  *See Mu'Min*, 500 U.S. at 425-26, 111 S.Ct. at 1905.

Even assuming, *arguendo*, that Marks could show that the court erred in conducting voir dire, she has not demonstrated that any such error was plain; Marks cites no binding authority that squarely supports her argument.  *See Pantle*,

4

637 F.3d at 1174-75.  Therefore, Marks's claim must fail under plain error review. *See Rodriguez*, 398 F.3d at 1298.

## II.

Generally, we review for an abuse of discretion a district court's decision not to dismiss an indictment for alleged prosecutorial misconduct in failing to provide *Brady*, *Giglio*, or Jencks Act material to the defendant.  *See United States v. Jordan*, 316 F.3d 1215, 1248-49 (11th Cir. 2003).

The prosecution commits a *Brady* violation where the prosecution suppresses material evidence favorable to the defendant, irrespective of the good faith or bad faith of the prosecution.  373 U.S. at 87, 83 S.Ct. at 1196-97.  To establish a *Brady* violation, the defendant must show that the prosecution possessed favorable evidence not given to the defendant, and that, had the evidence been disclosed to the defense, a reasonable likelihood exists that the outcome of the proceedings would have been different.  *United States v. Hansen*, 262 F.3d 1217, 1234 (11th Cir. 2001).

A *Giglio* violation occurs "where the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony," and requires a less stringent showing of a reasonable likelihood the falsehood could have affected the judgment of the jury.  *United States v. Alzate*, 47 F.3d 1103, 1109-10 (11th Cir. 1995).

5

The Jencks Act requires that the government provide reports or summaries of prior interviews with testifying witnesses where those reports or summaries are "substantially verbatim, contemporaneously recorded transcripts" or are "signed or otherwise adopted by the witness." *Jordan*, 316 F.3d at 1255; *see* 18 U.S.C. § 3500(b), (e). An agent's raw notes or summaries of interviews are not Jencks Act material unless they use "the nearly exact wording or phrasing the witness uttered during the interview; if only some of the exact wording is used, [they are] not Jencks material." *Jordan*, 316 F.3d at 1255.

Marks can point to no favorable evidence that the government possessed but did not turn over to the defense, and therefore she cannot show a *Brady* violation. *See Hansen*, 262 F.3d at 1234. Indeed, her entire argument on appeal rests on the fact that the government did not possess any record of Detective Stack's prior interviews with witnesses. Likewise, her argument that the government committed a *Giglio* violation fails because she to points to no specific testimony the government presented that it knew to be false. *See Alzate*, 47 F.3d at 1109-10. Finally, Marks cannot show that the government violated the Jencks Act because, even if Detective Stack had taken notes of his interviews with witnesses, such notes would not have constituted Jencks material unless they were "substantially verbatim, contemporaneously recorded transcripts" of the interviews. *Jordan*, 316 F.3d at 1255. Marks points to no such material the government possessed but did

not give to the defense.

## III.

We review for clear error a district court's determination of loss amount for sentencing purposes. *United States v. Medina*, 485 F.3d 1291, 1303 (11th Cir. 2007). However, we will not review an error complained of on appeal where the party invited or induced the district court into making the error. *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

Under U.S.S.G. § 2B1.1, a defendant's base offense level is enhanced by 20 levels if the defendant's actions caused a loss of more than $7 million, but less than or equal to $20 million. *See* U.S.S.G. § 2B1.1(b)(1)(K), (L). If the loss caused by the defendant is more than $2.5 million but less than or equal to $7 million, the defendant's offense level is increased by 18. *See id*. § 2B1.1(b)(1)(J), (K). The district court need "only make a reasonable estimate of the loss" caused by the defendant. *Id*. § 2B1.1 cmt. n.3(C).

We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). We will not reverse a sentence as substantively unreasonable unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors." *Id*. at 1191 (quotation omitted). We ordinarily expect a sentence within the Guidelines range to be

7

reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Here, Marks invited any error by the court in enhancing her offense level by 20 under § 2B1.1(b)(1)(K) because, at her sentencing hearing, she asked the court to "find that the amount of loss was $17.8 million" and argued that she should receive the 20-level enhancement.  She thus invited any error and cannot now claim on appeal that the district court should have found a loss amount under $7 million.  *See Brannan*, 562 F.3d at 1306.  Additionally, to the extent that Marks argues that her sentence is substantively unreasonable, her argument lacks merit because the district court properly considered § 3553(a) factors and imposed a sentence within the Guidelines range.  *See Pugh*, 515 F.3d  at 1190; *Hunt*, 526 F.3d at 746.

Upon review of the record and consideration of the parties' briefs, we affirm.[1]

**AFFIRMED.**

---

[1] To the extent Marks takes issue with testimony presented to the grand jury, we conclude that Marks's passing references to this matter are not sufficient to preserve the issue for review. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).